IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JAMES KIM

                Plaintiff,

    v.

DANIEL N. GORDON, P.C., and
MIDLAND FUNDING LLC, AKA
MIDLAND FUNDING NCC-2 CORP.,

                Defendants.

No. CV-10-1086-HZ

OPINION AND ORDER

Bret A. Knewtson
ATTORNEY AT LAW
3000 N.W. Stucki Place, Suite 230 M
Hillsboro, OR 97124

    Attorney for Plaintiff

Jonathan Mark Radmacher
Katie Jo Johnson
MCEWEN GISVOLD LLP

1 - OPINION AND ORDER

1100 S.W. Sixth Avenue
Suite 1600
Portland, OR 97204

      Attorneys for defendant Daniel N. Gordon, P.C.

Robert E. Sabido
COSGRAVE VERGEER KESTER, LLP
805 SW Broadway
8th Floor
Portland, OR 97205

      Attorney for defendant Midland Funding, LLC

HERNANDEZ, District Judge:

      This action arises out of Midland Funding's attempt to collect a debt (the "Debt") owed by plaintiff James Kim ("Plaintiff" or "Kim"). Now before me are the motions for summary judgment (doc. #33 and #35) filed by defendants Daniel N. Gordon P.C. ("Gordon P.C.") and Midland Funding LLC, aka Midland Funding NCC-2 Corporation ("Midland Funding"). Also before me are Plaintiff's objection to certain portions of the affidavit of Matthew R. Aylworth ("Aylworth"), as well as Gordon P.C.'s objections to particular printouts of the Domestic Mail Manual published by the United States Postal Service and the Kim Declaration. For the reasons set forth below, Gordon P.C. and Midland Funding's motions for summary judgment are DENIED. Because my analysis does not rely on any of the disputed evidence, the parties' objections are OVERRULED as moot.

## BACKGROUND

      The two co-defendants in this action are Midland Funding and Gordon P.C. (collectively, "Defendants"). Midland funding is a collection agency and Gordon P.C. is an Oregon law firm. Am. Compl., ¶¶ 6-8.

2 - OPINION AND ORDER

Plaintiff's Debt stems from a consumer Chase Manhattan credit account used for personal, family, and household purposes. Id., ¶¶ 12-13. On December 7, 2009, Gordon P.C. sent Plaintiff a notice explaining his validation and dispute rights pursuant to 15 U.S.C. § 1692g(a). See Alyworth Aff., Ex. 1. The mailing address on the December 7, 2009, notice, however, omitted Plaintiff's apartment number.[1] See Am. Compl., ¶ 15; Aylworth Aff., Ex. 1. Despite the omission of Plaintiff's apartment number, the December 7, 2009, notice was not returned to Gordon P.C. as undeliverable. Kim Decl., p. 2; Am. Compl., ¶ 15.

Gordon P.C. sent Plaintiff a demand for payment dated February 24, 2010. Aylworth Aff., Ex. 2. The mailing address of the demand for payment included an apartment number, but mislabeled it as 92, not 925. Id. Plaintiff acknowledges that he received the February 24, 2010, demand for payment. Am. Compl., ¶ 15.

On April 5, 2010, Midland Funding filed a complaint against Plaintiff in the Circuit Court of the State of Oregon for the County of Washington ("Washington County") to collect the Debt owed by Plaintiff. See Id., ¶ 11. Gordon P.C. represented Midland Funding in the Washington County action. Id., ¶¶ 11-12. On September 13, 2010, Plaintiff filed this action in the United States District Court for the District of Oregon against Defendants. Plaintiff's single claim for relief alleges Defendants are debt collectors pursuant to 15 U.S.C. § 1692a(6) who, through their improper collection efforts, violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

/ / /

/ / /

---

[1] Plaintiff's apartment number is 925. Kim Decl., p. 1.

3 - OPINION AND ORDER

## STANDARDS

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. E.g., Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party need only demonstrate that there is an absence of evidence to support the non-moving party's case. Id. at 325. Once the moving party has met its burden, the burden shifts to the non-moving party to "set out 'specific facts showing a genuine issue for trial.'" Id. at 324 (quotation omitted). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. Id. at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment ." Id. However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. See Thornhill Publ'n Co., Inc. v. GTE Corp., 594 F.2d 730, 738 (9th Cir. 1979).

/ / /

## DISCUSSION

Defendants assert that pursuant to Gordon P.C.'s regular business practices, Gordon P.C. sent a notice dated December 7, 2009, thereby meeting the requirements of 15 U.S.C. § 1692g(a). They argue that the mailing address of the December 7, 2009, notice was sufficient even though it omitted Plaintiff's apartment number. They maintain that pursuant to 15 U.S.C. § 1692g(a), Gordon P.C. is only required to send Plaintiff a written notice and need not establish that Plaintiff actually received the notice.

Plaintiff responds that because the December 7, 2009, notice was misaddressed, he did not receive the December 7, 2009, notice and accordingly, Defendants violated the FDCPA.

15 U.S.C. § 1692g(a) provides, in pertinent part:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a) (emphasis added).

5 - OPINION AND ORDER

Defendants rely heavily on the Ninth Circuit's decision in Mahon v. Credit Bureau of Placer County Inc., 171 F.3d 1197, 1201 (9th Cir. 1999) for the proposition "that section 1692g(a) requires only that a [Validation of Debt] Notice be 'sent' by a debt collector . . . [and that a] debt collector need not establish actual receipt by the debtor." (Emphasis added). The Ninth Circuit's decision in Mahon, however, is inapposite in this instance. In Mahon,171 F.3d at 1201-03, the debtor did not allege that the debt collectors mailed the notice to the wrong address. Rather, the debtor simply argued that under 15 U.S.C. § 1692g(a), "there must be proof that the debtor received the [n]otice." Id. at 1201. The Ninth Circuit in Mahon did not address the specific issue of whether a notice is "sent" pursuant to 15 U.S.C. § 1692g(a) when the mailing address omits a particular portion of the debtor's address, such as the debtor's apartment number, as is the case here. Unlike the debtor in Mahon, 171 F.3d at 1202, Plaintiff does not "simply say [he] did not receive the [n]otice." Rather, he contends he did not receive the February 7, 2009, notice because Gordon P.C. misaddressed it. In fact, Defendants readily concede that Gordon P.C. failed to include Plaintiff's apartment number on the mailing address of the December 7, 2009, notice. See Gordon P.C. Mem., p. 4.

Congress has expressly stated its concerns regarding the "abundant . . . use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). It has explicitly recognized that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." Id. The congressional purpose of 15 U.S.C. § 1692 is to "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

Defendants cite no authority, and I am aware of none, standing for the proposition that sending a validation notice labeled with an incomplete mailing address serves to inform debtors of their rights or meets the requirements set forth under 15 U.S.C. § 1692g(a). To the contrary, other courts have explicitly stated that "[i]f debt collectors could satisfy the FDCPA by merely sending validation notices to any address, valid or invalid, it would not serve to inform debtors of their rights, and would constitute an 'abusive debt collection practice.'" See Campbell v. Credit Bureau Systems, Inc., Civil Action No. 08-CV-177-KSF, 2009 WL 211046, at *12 (E.D. Ky. 2009) (citing Johnson v. Midland Credit, No. 1:05 CV 1094, 2006 WL 2473004, at *12-13 (N.D. Ohio 2006)); see also Laprade v. Abramson, Civ. No. 97-10 (TFH), 1997 U.S. Dist. LEXIS 9009 (D.D.C. 1997) (granting summary judgment in favor of the debt collector because the debtor presented "no evidence that [the notice] was not sent, that it was not sent on time, or that it was sent to the wrong address") (emphasis added).

## CONCLUSION

Based on the foregoing reasons, Gordon P.C. and Midland Funding's motions for summary judgment (doc. # 33 and #35) are DENIED. Because this court does not rely on any evidence to which the parties object, the parties' objections are OVERRULED as moot.

IT IS SO ORDERED.

Dated this 1st day of August, 2011.

/s/ Marco A. Hernandez

MARCO A. HERNANDEZ
United States District Judge

7 - OPINION AND ORDER